UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MARSHA L. MILLER, | ) |
| Plaintiff | ) ) ) |
| vs. | ) CASE NO. 2:20-cv-360 ) |
| ZACHRY INDUSTRIAL, INC. | ) ) ) |
| Defendant | ) |

***COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF AND REQUEST FOR TRIAL BY JURY***

### I. INTRODUCTION

Plaintiff Marsha L. Miller ("Miller") brings this action against Defendant Zachry Industrial, Inc. ("Zachry") pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 USC § 216(b), for violations of the Equal Pay Act, 29 USC § 206(d), and pursuant to Title VII of the Civil Rights Act of 1964, 42 USC § 2000e et seq.

### II. FACTUAL ALLEGATIONS

1. Miller resides in Cayuga, Vermillion County, Indiana. Miller works for Zachry as a Boilermaker Helper 4 in Cayuga, Indiana at two different worksites - the Vermillion Energy site and the Duke Energy site. Miller has worked for Zachry since January 29, 1999. Zachry has only one other employee, a man who only works during plant outages, who has worked for the company in Cayuga for as many years as Miller has worked. Miller has always done good work for Zachry and certainly has always met all of Zachry's reasonable expectations.

2. In Cayuga, Indiana, Zachry employs approximately 15 boilermaker helpers. Most are men. Back in 2015, Miller made a complaint to her Zachry supervisors that she was being paid less per hour than her male coworkers. Her pay was increased at that time from $18.00 per

hour to $21.91 per hour.

3. Shortly after her hourly rate was increased, Zachry began to cut Miller's hours of work and reduced the types of work assignments it gave Miller. Zachry did not do the same to the male boilermaker helpers working in Cayuga.

4. Miller is being discriminated against on the basis of her sex. Historically, she and female coworkers have suffered sex discrimination in the form of unequal pay, unequal job opportunities, unequal job assignments, unequal hours of work offered, unequal training and training opportunities, and unequal/discriminatory assignment of overtime and outage work.

5. Through calendar year 2019 (and from the 2015 time of Miller's last pay raise), Zachry has been significantly discriminating against Miller regarding job assignments and hours of work assigned to Miller. Primarily, Zachry will only assign Miller to perform menial cleaning tasks, such as cleaning offices, cleaning bathrooms, cleaning work shops, cleaning storage rooms, etc... Worse, because Zachry will only assign Miller (and the two other female Boilermaker Helper employees) to perform basic cleaning tasks, Zachry uses those cleaning assignments as excuses to schedule Miller and other females for part time hours or fewer hours of work than Zachry assigns the male Boilermaker Helpers.

6. In her almost 21 years of work for Zachry, Miller is trained and performed all of the tasks Boilermaker Helper 4 employees perform. To provide background, Zachry's entry level employees are classified as Boilermaker Helper 1. With additional experience, training and skill, employees are promoted to higher levels, such as Miller's Boilermaker Helper 4. Zachry assigns less tenured and less experienced male Boilermaker Helper employees to do other tasks such as assembly work, digging, "hole watching work" and other jobs which Miller can and, in the past, has performed, but Zachry will not assign Miller to do.

7. Because of the discriminatory job assignments, Miller is earning significantly lower wages than her similarly situated (and less experienced) male coworkers. One way Miller is losing significant wages involves Zachry's refusal to assign Miller to work during power plant "outages," when significant overtime hours of work are made available to the male Boilermaker Helper employees.

8. For several years, Miller has made complaints to her Zachry supervisors regarding the discriminatory job assignments and discriminatory hours of work assigned, but to no avail. Supervisors to whom Miller has complained include Jesse Reas, Arnold Jenkins, Chris Snodgrass, Jason Shew and Duke Energy supervisors Brian Lee and Ron White.

9. Miller is seeking all available damages, including all equitable relief, compensatory damages, punitive damages, all unpaid wages, and liquidated damages. Miller seeks payment of all of her reasonable attorney's fees, costs and expenses.

10. Zachry has intentionally, knowingly and willfully violated Miller's right to equal pay and compensation, to equal employment opportunity, and to equal treatment.

### III.  JURISDICTION AND VENUE

11. This Court has jurisdiction over Miller's claims under 28 USC § 1331 as her Equal Pay Act and Title VII claims raise questions of federal law.

12. This Court is the appropriate venue for this cause of action as Miller resides and works for Zachry in Vermillion County, Indiana.

### IV.  PARTIES

13. Miller is domiciled in and is a resident of Cayuga, Vermillion County, Indiana.

14. Zachry is a construction company based in San Antonio, Texas, however, Zachry employs Miller to work for it in Cayuga, Vermillion County, Indiana.

### V.  ADMINISTRATIVE PROCEDURES

15. Miller complied with all of the administrative procedures that are conditions precedent to the filing of this lawsuit.  Miller received her Notice of Right to Sue from the Equal Employment Opportunity Commission, which was issued on May 14, 2020.

### VI.  STATEMENT OF CLAIMS

#### A.  EQUAL PAY ACT CLAIM

16. Miller incorporates herein by reference paragraphs 1 through 15 above.

17. Zachry is an "enterprise," as that term is defined by the FLSA, covered by the Equal Pay Act provisions of the FLSA, 29 USC § 206(d).

18. By paying Miller less than similarly situated male counterparts for equal and/or substantially similar work, Zachry discriminated against Miller in pay on the basis of gender. This is a violation of the Equal Pay Act provisions of the Fair Labor Standards Act.

19. Zachry's failure to comply with the FLSA's Equal Pay Act provisions is willful and without justification, and subjects Zachry to a three year statute of limitations.

20. Miller seeks all available damages, including unpaid wages, underpaid wages, liquidated damages, injunctive relief, payment of reasonable attorney's fees, costs and expenses, and any and all other damages to which she may be entitled for Zachry's violations of the Equal Pay Act provisions of the Fair Labor Standards Act.

#### B.  TITLE VII SEX DISCRIMINATION CLAIMS

21. Miller incorporates herein by reference paragraphs 1 through 20 above.

22. Zachry has discriminated against Miller because of her gender in the terms and conditions of her employment (including, but not limited to, wages, job assignments, training and training opportunities, promotions and promotion opportunities, and overtime work

assignments) in violation of Miller's rights under Title VII of the Civil Rights Act of 1964, 42 USC § 2000e *et seq*.

23. As a direct and proximate result of Zachry's conduct, Miller has sustained substantial economic losses, including, but not limited to, past and future loss of wages, and other economic benefits, and career opportunities.  Further, Miller has suffered mental and emotional stress and anguish, humiliation, loss of enjoyment of life, career damage, and other pecuniary losses.  Finally, Zachry's acts of sex discrimination were knowing, intentional and/or made with reckless disregard of Miller's known right to be free of sex discrimination in the workplace, and Miller is entitled to an award of punitive damages against Zachry.  By way of this complaint, for Zachry's violations of the Title VII of the Civil Rights Act of 1964, 42 USC § 2000e *et seq*, Miller is seeking all available damages, including, but not limited to, back pay and benefits, front pay and benefits, compensatory and punitive damages, and payment of all of her reasonable attorney fees, costs and expenses, and any other damages necessary to remedy Zachry's violations of Miller's rights under the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

24. As a result of Zachry's discriminatory practices, Miller has found it necessary to retain the services of an attorney and she is therefore entitled to her reasonable attorney's fees in this matter.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Marsha L. Miller respectfully requests that the Court enter judgment in her favor against Zachry, and award to Plaintiff all available damages and equitable relief, including, but not limited to, all back pay and benefits, all front pay and benefits, compensatory damages, punitive damages, liquidated damages, and payment of all of her

reasonable attorney fees, costs and expenses, along with any other damages or relief necessary to remedy Zachry's violations of Miller's rights under the Equal Pay Act, 29 U.S.C. § 206(d) and Title VII of the Civil Rights Act of 1964, together with any available pre-judgment interest, and any other relief which would be just and proper in the premises.

HASSLER KONDRAS MILLER LLP
100 Cherry Street
Terre Haute, Indiana 47807
(812) 232-9691

By /s/Robert P. Kondras, Jr.
   Robert P. Kondras, Jr.
   Attorney No. 18038-84
   kondras@hkmlawfirm.com

### *REQUEST FOR TRIAL BY JURY*

Comes now Plaintiff Marsha L. Miller, by her counsel, and hereby requests a trial by jury, on all issues which may be tried to a jury.

HASSLER KONDRAS MILLER LLP
100 Cherry Street
Terre Haute, Indiana 47807
(812) 232-9691

By /s/Robert P. Kondras, Jr.
   Robert P. Kondras, Jr.
   Attorney No. 18038-84
   kondras@hkmlawfirm.com